UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACQUARIE ENERGY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MOZART WIND LLC and BAYWA AG,<br><br>Defendants. | Civil Action No.: 1:21-cv-2435<br><br>**COMPLAINT** |

Plaintiff Macquarie Energy LLC ("Macquarie"), for its Complaint against Defendants Mozart Wind LLC ("Mozart") and BayWa AG ("BayWa"), states as follows:

## THE PARTIES

1. Plaintiff Macquarie is a limited liability company whose sole member and 100% owner is Macquarie Energy North America Trading, Inc., a Delaware corporation with a principal place of business in Texas.

2. Defendant Mozart is a limited liability company and, according to BayWa's admission, "an indirect wholly owned subsidiary of" BayWa, a foreign corporation; thus, on information and belief, none of the members of Mozart are citizens of Delaware or Texas.

3. Defendant BayWa is a German corporation.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and because the amount in controversy ($7,795,619.86) exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant Mozart because its relevant contract with Plaintiff Macquarie contains a clause, Section 10.6, consenting to the exclusive jurisdiction of "the federal and state courts sitting in the borough of Manhattan in New York State."

6. This Court has personal jurisdiction over Defendant BayWa because its relevant contract with Plaintiff Macquarie contains a clause, Section 13(A), consenting to the non-exclusive jurisdiction of "THE COURTS OF THE STATE OF NEW YORK AND THE UNITED STATES DISTRICT COURT LOCATED IN THE BOROUGH OF MANHATTAN IN NEW YORK CITY."

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because there is no district in which this action may otherwise be brought as provided in §1391(b)

## FACTUAL ALLEGATIONS

8. This is an action to enforce Defendant Mozart's obligation to pay Plaintiff Macquarie $7,795,619.86 (not including pre- or post-judgment interest, or contractual prevailing party costs and attorneys' fees) for breaching an Agreement requiring Mozart to sell electricity to Macquarie at contractually-specified prices, as well as Defendant BayWa's obligation to pay Macquarie at least $3,000,000 of that amount pursuant to a related Guaranty.

9. On October 28, 2018, Plaintiff Macquarie and Defendant Mozart entered a Master Power Sale and Purchase Agreement (the "Agreement"); the Agreement consists of an unexecuted form contract prepared by an industry group, *see* Exhibit 1, plus an executed "Cover Sheet" that sets forth all agreed-to elections and amendments to the form contract.

10. Pursuant to Agreement ¶ 10.11, the "completed Cover Sheet" to the Agreement may not be publicly disclosed, hence a copy of that document is not included with this public filing; Plaintiff will later provide the Court with a sealed copy of the Cover Sheet.

11. Also, on October 28, 2018, Plaintiff Macquarie and Defendant BayWa entered into a Guaranty (the "Guaranty," *see* Exhibit 2), requiring BayWa to guarantee the financial performance of Defendant Mozart up to $3,000,000.

12. Agreement ¶ 2.1 contemplated that Plaintiff Macquarie and Defendant Mozart would subsequently enter into "Transactions" for the sale and purchase of electricity.

13. On November 1, 2018, Plaintiff Macquarie and Defendant Mozart entered into a Transaction under the Agreement, providing for the sale by Mozart to Macquarie of a specific electricity product under the Agreement, in agreed, specific quantities, at specific prices over a specific time period, to a specific delivery point in the Electric Reliability Council of Texas ("ERCOT").

14. Pursuant to Agreement ¶ 10.11, the additional specific terms of the parties' Transactions are Confidential and may not be publicly disclosed, hence a copy of the Transaction in question is not included with this public filing; Plaintiff will later provide the Court with a sealed copy of the Transaction in question.

15. Defendant Mozart failed to perform its obligations to deliver energy to Plaintiff Macquarie from February 14, 2021 through February 19, 2021.

16. On February 17, 2021, Plaintiff Macquarie wrote to Defendant Mozart that the latter's failure to deliver energy as required for February 14 and 15 pursuant to the Transaction was a Seller Failure pursuant to Agreement ¶ 4.1.

17. Agreement ¶ 4.1 provides: "If Seller fails to schedule and/or deliver all or part of the Product pursuant to a Transaction, and such failure is not excused under the terms of the Product or by Buyer's failure to perform, then Seller shall pay Buyer, on the date payment would otherwise be due in respect of the month in which the failure occurred or, if 'Accelerated Payment

of Damages' is specified on the Cover Sheet, within five (5) Business Days of invoice receipt, an amount for such deficiency equal to the positive difference, if any, obtained by subtracting the Contract Price from the Replacement Price.  The invoice for such amount shall include a written statement explaining in reasonable detail the calculation of such amount."

18. In its February 17, 2021 communication, Plaintiff Macquarie demanded that Defendant Mozart pay $1,811,948.49, representing the positive difference between the Contract Price and Plaintiff Macquarie's Replacement Price for February 14 and 15.

19. As stated in Plaintiff Macquarie's February 17, 2021 letter to Defendant Mozart, the latter's failure to make the initial demanded payment by February 24, 2021 would constitute a failure to pay in accordance with the Agreement.

20. On February 18, 2021, Plaintiff Macquarie wrote to Defendant Mozart that the latter's failure to further deliver energy as required for February 16, February 17, and part of February 18 was another Seller Failure; Macquarie demanded a further payment of $4,328,969.40, representing the positive difference between the Contract Price and the Replacement Price for those dates, with Mozart required to pay by February 25, 2021.

21. Plaintiff Macquarie's February 18, 2021 letter further notified Defendant Mozart that since the amount owed or that could be owed upon termination of the Agreement exceeded the value of the $3,000,000 BayWa Guaranty, Macquarie demanded that Mozart provide Credit Assurances in the amount of $15,000,000 pursuant to Section 8.1(b) of the Agreement.

22. As stated in Plaintiff Macquarie's February 18, 2021 letter to Defendant Mozart, the latter's failure to provide the requested Credit Assurances by February 25, 2021 would constitute an Event of Default under Agreement.

23. On February 25, 2021, Plaintiff Macquarie wrote to Defendant Mozart that the latter's failure to further deliver energy as required for the remainder of February 18 and for February 19 was yet another Seller Failure, and demanded a further payment of $1,654,701.97, representing the difference between the Contract Price and the Replacement Price for those dates, with Mozart required to pay by March 4, 2021.

24. On February 14, 2021, the first day when Defendant Mozart failed to perform, Mozart sent Plaintiff Macquarie a letter, dated February 13, 2021, purporting to retroactively declare a Force Majeure, commencing on February 11, 2021.This Force Majeure notice was based solely on the Texas Electric Reliability Council of Texas's ("ERCOT") issuance of an extreme weather emergency notice on February 11, 2021.

25. Mozart stated in the February 14, 2021 letter that based on ERCOT's three-day-old notice, "it is clear the storm *will prevent* the performance of our obligations under the Agreement" (emphasis added). However, the letter did not provide support for how Defendant Mozart's performance would be prevented. The product that Defendant Mozart was contractually obligated to deliver to Plaintiff Macquarie was not affected by or subject to the production of Defendant Mozart's generation facility.

26. The Force Majeure was purportedly declared by Defendant Mozart *before* the storm in question hit Texas.

27. Plaintiff Macquarie responded on February 15, 2021 rejecting Defendant Mozart's pre-emptive Force Majeure notice as invalid under the terms of the Agreement; although there was a storm approaching Texas, Mozart provided no information indicating how it was prevented from performing its obligations by the storm; Mozart has not, to this date, provided such an explanation.

28. Based on the terms of the Agreement, the nature and terms of the Transaction, and the circumstances at issue, Force Majeure cannot excuse Defendant Mozart's failure to perform.

29. As of the date of this filing, March 20, 2021, Defendant Mozart still has not paid the above-described amounts or provided performance assurance, which were all due no later than March 4, 2021.

30. Agreement ¶ 10.6 provides for a mandatory award of costs and reasonable attorneys' fees to the prevailing party in an action to enforce a party's rights under the Agreement.

31. In the Guaranty, Defendant BayWa agreed to "irrevocably and unconditionally guarantee[], as and for its own obligation, and not as a surety, the due and punctual performance by Mozart . . . of all its financial obligations pursuant to and in accordance with the Contract . . . ; provided that Guarantor's aggregate liability pursuant to this Guaranty shall not exceed the amount of Three Million Dollars (US$3,000,000)." Guaranty ¶ 1.

32. Pursuant to the Guaranty, "[i]f at any time Mozart . . . fails, neglects or refuses to perform any of its Obligations as expressly provided in the Contract, then no later than five (5) Business Days after receipt of Macquarie['s] . . . written demand for payment following such failure, neglect or refusal . . . Guarantor shall pay the amount of such Obligation as set forth in the Demand." *Id.* ¶ 1.

33. On March 12, 2021, Plaintiff Macquarie sent a demand for payment of the maximum guaranteed amount to Defendant BayWa.

34. On March 19, 2021, the due date for payment, Defendant BayWa sent Plaintiff Macquarie a letter indicating that the former refused to pay the demanded $3,000,000.00.

## **FIRST CLAIM FOR RELIEF**

### **Breach of Contract – Mozart Agreement**

35. Plaintiff realleges and incorporates herein the allegations of the paragraphs above of this complaint as if fully set forth herein.

36. The Agreement is a valid and binding contract between Plaintiff Macquarie and Defendant Mozart, which contract is governed by New York law.

37. Plaintiff Macquarie performed all of its obligations under the Agreement; Macquarie also provided Defendant Mozart with written demands for payment within five business days.

38. Defendant Mozart failed to perform its obligations to sell electricity to Plaintiff Macquarie as provided under the Agreement and the Transaction, and Mozart was not excused from performing its obligations due to the claimed Force Majeure or any other reason.

39. Defendant Mozart further failed to perform its obligation to pay the demanded amounts, totaling $7,795,619.86, within five business days as required.

40. Plaintiff Macquarie suffered damages as a result of Defendant Mozart's failure to perform and its further failure to pay the demanded amounts.

## **SECOND CLAIM FOR RELIEF**

### **Breach of Contract – BayWa Guaranty**

41. Plaintiff realleges and incorporates herein the allegations of the paragraphs above of this complaint as if fully set forth herein.

42. The Guaranty is a valid and binding contract between Plaintiff Macquarie and Defendant BayWa, which contract is governed by New York law.

43.     Plaintiff Macquarie performed all of its obligations under the Guaranty, including by providing Defendant BayWa with a written demand for payment on five business days' notice after Defendant Mozart failed to pay the amounts it owed.

44.     Defendant BayWa failed to perform its obligation to pay the demanded amount, $3,000,000, within five business days of receiving the demand as required under the Guaranty—and in fact on the due date expressly refused, in writing, to make the demanded payment.

45.     Plaintiff Macquarie suffered damages as a result of Defendant BayWa's failure to pay the demanded amount.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Macquarie prays for judgment as follows:

1.      Awarding Plaintiff Macquarie compensatory damages against Defendant Mozart in the amount of $7,795,619.86, plus contractual costs and attorneys' fees;

2.      Entering judgment for Plaintiff Macquarie against Defendant BayWa holding it jointly and severally liable for the first $3,000,000.00 of damages awarded against Defendant Mozart;

3.      Awarding Plaintiff Macquarie pre-judgment interest, post-judgment interest, and costs; and

4.      Awarding Plaintiff Macquarie such other relief as this Court may deem just and proper.

Dated:  March 19, 2021

                Respectfully submitted,

                **SUSMAN GODFREY L.L.P.**

                */s/ Mark H. Hatch-Miller*
Mark H. Hatch-Miller (MH4981)
mhatch-miller@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

William R.H. Merrill (*pro hac vice* forthcoming)
Ashley McMillian (*pro hac vice* forthcoming)
bmerrill@susmangodfrey.com
amcmillian@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Attorneys for Plaintiff*